**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sierra Jones, | No. CV-22-02137-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Henhouse Incorporated, et al., | |
| Defendants. | |

Plaintiff Sierra Jones ("Plaintiff") seeks reconsideration of the Court's January 21, 2025, Order partially granting summary judgment in Defendants' Henhouse Incorporated, et al. ("Defendants") favor (Doc. 48 "the MSJ Order"). (Doc. 49). Defendants have filed a Response (Doc. 53), but no Reply was allowed. (Doc. 50). The Court will deny Plaintiff's Motion.

**I.     Background[1]**

Plaintiff served as a hostess at one of Defendants' restaurants until she was terminated. (Doc. 45 at 6; Doc. 46 at 6). Plaintiff began working as a volunteer for Defendants through a high school program which placed special needs students with local businesses. (Doc. 45 at 3; Doc. 46 at 2). Plaintiff performed well in this voluntary roll, which included tasks such as rolling silverware and stocking to go cups and boxes. (Doc. 45 at 3). After she completed this program, Defendants hired Plaintiff as a hostess in March of 2016. (*Id*.) Defendants were aware of Plaintiff's disability when they hired

---
[1] The facts are fully set forth in the Court's MSJ Order and need not be wholly repeated here. (*See* Doc. 48).

1  her. (Doc. 45 at 3; Doc. 46 at 2). Defendants state that, on September 7, 2016, there was
2  an incident where Plaintiff locked herself in the only women's bathroom at the restaurant
3  and was crying. (Doc. 45 at 6). Defendants state that Plaintiff eventually told staff that
4  she could not "do this anymore" and walked out on her shift. (*Id*.) Defendants note that
5  this was one of many emotional breakdowns Plaintiff had during her tenure as hostess
6  despite Defendants providing her access to breaks and time to regroup her emotions—
7  which other employees were not regularly entitled to. (*Id*. at 2, 5).

8  Plaintiff asserts that she was terminated due to her disability. (*Id*. at 5). So, she
9  brought claims for (1) Discrimination and (2) Failure to Reasonably Accommodate in
10 violation of the ADA. (Doc. 1 at 28–44). Defendants sought summary judgment on both
11 claims (Doc. 45). The Court granted summary judgment in Defendant's favor on Plaintiff's
12 Failure to Accommodate claim, but not her Discrimination claim. (Doc. 48 at 11). The
13 Court did so, because it found that Plaintiff failed to identify a facially reasonable
14 accommodation. (Doc. 48 at 10 (citing *Dark v. Curry Cnty*., 451 F.3d 1078, 1088 (9th Cir.
15 2006) ("To survive summary judgment, the employee must identify a facially reasonable
16 accommodation.")).

17 As best the Court can decipher, Plaintiff seeks reconsideration of her failure to
18 accommodate claim stating that the Court manifestly erred because it found that she did
19 not seek a reasonable accommodation and failed to recognize that Defendants did not
20 engage in the interactive process. (Doc. 49 at 2). The Court disagrees.

21 **II.    Legal Standard**

22 Motions for reconsideration should be granted only in rare circumstances. *Carroll*
23 *v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Reconsideration is appropriate if the
24 district court (1) is presented with newly discovered evidence, (2) committed clear error or
25 the initial decision was manifestly unjust, or (3) if there is an intervening change in
26 controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255,
27 1263 (9th Cir. 1993). Indeed, Arizona Local Rule of Civil Procedure 7.2 ("LRCiv 7.2")
28 provides that "[t]he Court will ordinarily deny a motion for reconsideration of an Order

1  absent a showing of manifest error or a showing of new facts or legal authority that could
2  not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).
3  The movant must specify "[a]ny new matters being brought to the Court's attention for the
4  first time and the reasons they were not presented earlier." *Id*. This is because "[m]otions
5  for [r]econsideration may not be used to raise arguments or present evidence for the first
6  time when they could reasonably have been raised earlier in the litigation." *Kona*
7  *Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Marlyn*
8  *Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

9  A motion for reconsideration should not be used for the purpose of asking a court
10 "to rethink what the court had already thought through—rightly or wrongly." *Defenders*
11 *of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Above the Belt,*
12 *Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A mere
13 disagreement with a previous order is an insufficient basis for reconsideration. *See Leong*
14 *v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

### III. The Court Did Not Commit Manifest Error

The Court's Order dismissed Plaintiff's Failure to Accommodate claim because she "failed to set forth evidence that she requested an accommodation *or* identify a facially reasonable accommodation[.]" (Doc. 48) (emphasis added). The Court stated "Plaintiff does not argue or allege that she ever requested an accommodation only that it was an affirmative duty Defendants should have undertaken without a request." (Doc. 48 at 11). Plaintiff says this is manifest error because "the Equal Employment Opportunity Commission provides guidance that, in certain circumstances, an employer's obligation to initiate the interactive process is not solely dependent on an employee's request." (*Id*. at 2–3). Plaintiff says "how can an employee with a psychological condition that is well-known to the employer ask for a reasonable accommodation when they feel they are performing their job properly[.]" (Doc. 49 at 5). Plaintiff essentially argues Defendants' failure to engage in the interactive process results in *per se* liability. (Doc. 49 at 6). Defendants respond that the Court correctly applied the applicable law, specifically, that Defendants

*did* offer a reasonable accommodation to Plaintiff in the form of extra break time and she did not identify a reasonable accommodation. (Doc. 53 at 5–6) (emphasis added). The Court agrees.

First, the Court cited the undisputed fact that Defendants were aware of Plaintiff's disability when they hired her. (Doc. 48 at 1-2 (citing Doc. 45 at 3; Doc. 46 at 2)).[2] The Court then explained that Defendants "did attempt to make reasonable accommodations for Plaintiff such as being able to take extra breaks if needed" although she never requested that accommodation. (Doc. 48 at 11). If "an employer recognizes the employee needs an accommodation but **the employee cannot request it because of a disability**, the employer must engage in an interactive process with the employee to determine the appropriate reasonable accommodation." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (emphasis added). That is what occurred here. The Court will not "rethink what [it has] already thought through" based on Plaintiff's disagreement with its conclusion.

Yet, to survive summary judgment, **Plaintiff** must also identify a facially reasonable accommodation even if the defendant did not engage in the interactive process. *Dark v. Curry Cnty.*, 451 F.3d 1078, 1088 (9th Cir. 2006) ("Because the County did not engage in any such process, summary judgment is available only if a reasonable finder of fact must conclude that there would in any event have been no reasonable accommodation available.") (citing *Morton v. United Parcel Serv.*, Inc., 272 F.3d 1247, at 1256 (9th Cir. 2001)). Neither Plaintiff's Complaint nor her Response to Defendant's Summary Judgment Motion identified a facially reasonable accommodation. (Doc. 48 at 10; *see also* Doc. 1, Doc. 49). Plaintiff placed nothing in the record upon which a fact finder could conclude that a reasonable accommodation existed. Where a Plaintiff fails to allege that they are unable to request an accommodation, the burden is on them to do so. *Valdez v. Delta Elec. & Air LLC*, 2022 WL 3213265, at *5 (D. Ariz. Aug. 9, 2022). "[L]iability does

---

[2] Plaintiff's Complaint states "Ms. Jones and Mr. Jones discussed [her] disability at length with Mr. Grebe, specifically detailing [her] difficulty with communication, comprehension, and learning." (Doc. 1 at 3).

not arise in the absence of an available reasonable accommodation." *Snapp v. United Transportation Union*, 889 F.3d 1088, 1097 (9th Cir. 2018). So, "an employer will not be liable for failure to engage in the interactive process if the employee ultimately fails to demonstrate the existence of a reasonable accommodation that would allow her to perform the essential functions of the position." *Id*. at 1099 (citing *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 581 (4th Cir. 2015)).

In other words, employers may face liability if a reasonable accommodation would have been possible. However, it was Plaintiff's burden at the summary judgment stage to, at the very least, put forth a genuine dispute as to a material fact that a reasonable accommodation existed. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). As Defendant herself argued, "[e]mployers, who fail to engage in the interactive process in good faith, face liability for the remedies imposed by the statute ***if a reasonable accommodation would have been possible***." (Doc. 46 at 19 (quoting *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1137–38 (9th Cir. 2001)). Plaintiff has utterly failed to point to a facially reasonable accommodation. While it may have been Defendant's duty to engage in the interactive process once it realized Plaintiff needed an accommodation, it was her duty to identify such an accommodation exists at the summary judgment stage. *Dark*, 451 F.3d at 1088. Plaintiff did not meet her burden; therefore, her Motion for Reconsideration lacks merit and will be denied. LRCiv 7.2(g)(1).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 49) is **DENIED**.

Dated this 23rd day of May, 2025.

Honorable Diane J. Humetewa
United States District Judge