**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sierra Jones, | No. CV-22-02137-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Henhouse Incorporated, et al., | |
| Defendants. | |

## I.    Motion in Limine

Defendants filed a Motion in Limine to Preclude Defendants' own witness Justin Alderman from giving testimony about his separate wage dispute with Defendants. Defendants argue such testimony is irrelevant and prejudicial under Fed. R. Evid. 402 and 403. The issue is moot because neither Defendants nor Plaintiffs intend to call Mr. Alderman to testify about his wage dispute in their case in chief. Cross examination regarding the dispute or anything else is permissible so long as proper foundation is laid. *See* Fed. R. Evid. 607 ("Any party. . . may attack the witness's credibility").

## II.    Jury Instructions

The Court reminds the parties of the following paragraph from its August 20, 2025 pretrial order:

> [T]he parties shall file and submit via email (silver_chambers@azd.uscourts.gov) in Word format proposed Jury Instructions in compliance with the procedures available on the Court's website, including but not limited to: 1) a joint set of proposed jury instructions where the parties' instructions agree; 2) a separate set of instructions (one for each

party) where the parties do not agree; and 3) legal authority supporting all proposed instructions whether the parties agree or not. Where the parties do not agree, the opposing party shall clearly state its objection to the proposed instruction and the proposing party shall clearly state its response.

(Doc. 76). Because the Proposed Jury Instructions submitted by the parties do not conform with these requirements, (Docs. 86; 87; 89), the Court will order the parties to submit proposed Jury Instructions in conformity with proper procedures as described in the August 20, 2025 Order and as detailed on the Court's website no later than Tuesday, May 19, 2026. The proposed Instructions shall be submitted as a single document, listing all proposed instructions, along with citations to legal authority supporting the proposed instruction and any objections and responses thereto, and shall include a completed set of all instructions, prepared and written as they are proposed to be given at trial. Blank fields, for example names, must be completed, and language alternatives must be selected. *See e.g.,* Doc. 86 at 24-29 (offering instructions with fields for names and multiple language options and alternatives.) Additional commentary must be removed.

Regarding the instructions submitted, due to lack of objection, the Court presumes the parties agree on all instructions but two. Defendants object to Plaintiff's non-model instructions Nos. 1 and 2. Because Plaintiff did not respond, the Court assumes Plaintiff agrees and Defendants' objections will be sustained.

Finally, the Court seeks additional clarification as follows:

- **Model Instruction 1.5**: The instruction as submitted reads: "The plaintiff [name] asserts that [plaintiff's claims]. The plaintiff [name] has the burden of proving these claims. The defendant [name] denies those claims [and also contends that [defendant's counterclaims and/or affirmative defenses]]. [The defendant [name] has the burden of proof on these [counterclaims and/or affirmative defenses.]]" Do the parties intend this instruction to use the Joint Proposed Jury Statement filed at Doc. 68?

- **Model Instruction 1.19**: The instruction includes "Option 1," which disallows juror questions for witnesses, and "Option 2," which allows juror questions. The Court

permits juror questions if both parties agree, which the Court presumes is true. T the procedure for juror questions will be explained in more detail in court at the Final Pretrial Conference. If the parties did not intend juror questions to be allowed, they are to inform the Court.

- **Model Instruction 10.9**: The submitted instruction pertains to hostile work environment claims, but there is no hostile work environment claim in this action. What is the intention of the parties regarding this instruction?

- **Non-Model Instructions (Doc. 87 at 6-7)**: Defendants submitted two non-model instructions that are incomplete. What are the parties' intentions regarding these instructions?

### III. Depositions

The court has received deposition excerpts. All deponents are named as witnesses in the proposed Final Pretrial Order who shall or are likely to be called. (Doc. 82). The Court assumes the depositions are offered as notice that the parties intend to use them for purposes of cross-examination or in case a witness fails to appear. Because there are no objections noted in the depositions, there is nothing for the Court to rule on.

Accordingly,

**IT IS ORDERED** the Motion in Limine (Doc. 77) is **DENIED**.

**IT IS FURTHER ORDERED** Defendants' objections to Plaintiff's proposed Non-model Jury Instructions Nos. 1 and 2. are **SUSTAINED**.

**IT IS FURTHER ORDERED** the parties shall submit proposed Jury Instructions as detailed above and in conformity with proper Court procedure no later than **Tuesday, May 19, 2026**.

Dated this 14th day of May, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge

- 3 -